

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# USA v. Iezzi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Iezzi" (2007). *2007 Decisions.* Paper 1324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1444

UNITED STATES OF AMERICA

v.

JOSEPH A. IEZZI,
                                   Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 02-cr-00198
District Judge:  The Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before: RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>

(Opinion Filed April 11, 2007)

OPINION

BARRY, <u>Circuit Judge</u>

        Appellant, Joseph A. Iezzi, argues that the District Court abused its discretion

when it sentenced him to a consecutive sentence for a violation of supervised release.  We

disagree and will therefore affirm the order of the District Court.

## I.

On March 4, 2003, following his plea of guilty to one count of bank robbery, Iezzi was sentenced by U.S. District Judge Maurice B. Cohill, Jr., to, among other things, thirty-seven months imprisonment and a three-year term of supervised release. Subsequently, Iezzi provided substantial assistance to the government, and, the following March, the Court granted the government's Rule 35(b) motion and reduced Iezzi's prison sentence to time served. The term of supervised release was not reduced.

Approximately seven months later, while he was still serving his term of supervised release, Iezzi was arrested and charged with bank robbery. On August 23, 2005, he pleaded guilty and was subsequently sentenced by U.S. District Judge David Cercone to one hundred months imprisonment and a three-year term of supervised release. On January 19, 2006, Iezzi appeared before Judge Cohill for a supervised release revocation hearing. Having determined that a concurrent sentence for the supervised release violation would be "no penalty at all," Supp. App. at 10, Judge Cohill sentenced appellant to eighteen months imprisonment, which was at the bottom of the advisory guidelines range, to run consecutive with the term of imprisonment imposed by Judge Cercone.

Iezzi timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

## II.

2

Pursuant to 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."[1] We review a district court's imposition of a consecutive sentence for abuse of discretion. See United States v. Swan, 275 F.3d 272, 275 (3d Cir. 2002).

Although post-United States v. Booker, 543 U.S. 220 (2005), the Federal Sentencing Guidelines are wholly advisory, several policy statements, which were always deemed to be of an advisory nature, see United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991), are instructive. Pursuant to section 5G1.3(c), the district court is instructed that it has the power to impose a sentence "to run concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment." Given that the "district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust," United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006), the Sentencing Commission recommends that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release," U.S. Sentencing Guidelines Manual § 7B1.3(f); see also

---

[1] Although not relevant here, § 3584(a) directs that sentences "may not run consecutively for an attempt and for another offense that was the sole objective of the attempt."

3

id. ch.7, pt. A, introductory cmt. ("[A]s a breach of trust inherent in the conditions of supervision, the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct.").

We conclude that there was no abuse of discretion here. The District Court clearly understood that it could impose a concurrent sentence if it wished. Supp. App. at 5, 10. The Court, however, determined that such an approach would be tantamount to imposing "no penalty at all" even though "this is an offense which is really different from the one that [Iezzi] originally committed, separate from the one that [he] got originally in here for, and also separate from Judge Cercone's case because this involves a violation of supervision in the form of the bank robbery which came before Judge Cercone." Supp. App. at 10. In light of the leniency that had been shown to Iezzi in the original sentence imposed by Judge Cohill, it is abundantly clear that the District Court's decision to impose punishment separate and distinct from Judge Cercone's sentence was not an abuse of discretion.[2]

## III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] In fact, the one hundred month sentence imposed by Judge Cercone was itself a significant departure, as the advisory guidelines range was 130 to 162 months. Supp. App. at 22. Furthermore, the eighteen month sentence imposed by Judge Cohill was at the bottom of the eighteen to twenty-four month guidelines range. U.S. Sentencing Guidelines Manual § 7B1.4(a).